UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
BRYAN BRODERICK, as Administrator of the Estate
of ROBERT RAWLINGS BRODERICK, deceased,

                              Plaintiff,

-against-

UNITED STATES OF AMERICA,

                              Defendant.
-------------------------------------------------------------------------X

**COMPLAINT**

Case No.: 14-cv-7313

Plaintiff, complaining of the defendant, through his attorneys, KUJAWSKI & KUJAWSKI, ESQS., respectfully alleges upon information and belief:

**JURISDICTION AND VENUE**

1. This action is brought under the Federal Tort Claims Act, 28 U.S.C. § 1346 et. seq. and § 2671 et. seq. Plaintiff is a citizen of the United States. The plaintiff, BRYAN BRODERICK, as Administrator of the Estate of ROBERT RAWLINGS BRODERICK, filed a Claim for Damage, Injury or Death with the Department of Veterans Affairs, Office of Regional Counsel, 800 Poly Place, Building 14, Brooklyn, New York 11209 on or about May 24, 2013.

2. On or about June 4, 2013, the United States Department of Justice, Drug Enforcement Administration acknowledged receipt of the aforementioned claim. Plaintiff was advised by letter, dated December 11, 2013, that the claim was denied. On December 30, 2013, made a request for reconsideration. Plaintiff's request for reconsideration was denied on July 11, 2014.

## THE PARTIES

3. That at all times hereinafter mentioned, plaintiff-decedent ROBERT RAWLINGS BRODERICK was a citizen of the United States; plaintiff-administrator BRYAN BRODERICK was and still is a citizen of the United States.

4. That at all times hereinafter mentioned, defendant UNITED STATES OF AMERICA (hereinafter "USA") was and still operating a hospital facility known as Veterans Affairs Medical Center located at 79 Middleville Road, Northport, Town of Huntington, County of Suffolk, State of New York.

## AS AND FOR A FIRST CLAIM

5. That at on and prior to May 29, 2012, defendant USA, its agents, servants and/or employees and/or persons under its direction, supervision and control represented to plaintiff-decedent ROBERT RAWLINGS BRODERICK and to the public that the Veterans Affairs Medical Center at the aforesaid location was equipped, staffed and operated to properly and skillfully render medical treatment and care.

6. That on or about May 10, 2012, plaintiff-decedent ROBERT RAWLINGS BRODERICK sustained injuries as a result of a motor vehicle accident.

7. Plaintiff-decedent was treated at Huntington Hospital and at North Shore University Hospital.

8. That upon discharge from the North Shore University Hospital for treatment of the aforementioned injuries on or about May 25, 2012, plaintiff-decedent was prescribed the drug Lovenox.

9. That on or about May 29, 2012, plaintiff-decedent was referred to the Veterans Affairs Medical Center at the aforesaid location, for follow-up medical treatment, including

monitoring his use of Lovenox, advising that he had not self-injected the prescribed Lovenox as he was unable to do so due to limited mobility of his injured right hand.

10. That on May 30, 2012, at approximately 2:00 a.m., plaintiff-decedent was found on the floor of his home unconscious and unresponsive with no pulse or spontaneous breathing and was transported by ambulance to Huntington Hospital where life saving procedures were performed. Plaintiff-decedent was pronounced dead at 2:15 a.m.

11. The cause of death of plaintiff-decedent was pulmonary thromboembolism with deep vein thrombosis of the left lower extremity as a contributing factor.

12. That during the course of plaintiff-decedent's treatment, the defendant and/or physicians, agents, servants and/or employees and/or persons under its direction, supervision and control were negligent and departed from good and accepted medical practice in the examination, treatment and care of the decedent.

13. That the defendant, its agents, servants and/or employees and/or persons under its direction, supervision and control were negligent and departed from good and accepted medical practice in the treatment and care of plaintiff-decedent in failing to exercise their best judgment in the application of their knowledge and skills; in failing to use reasonable and proper skill, care and judgment in his efforts to examine, diagnose and treat the decedent; in failing to diagnose the decedent's condition; in failing to interpret the medical tests performed; in failing to diagnose the decedent's condition in light of his physical condition, medical history and tests performed; in failing to use reasonable care in diagnosing the condition of plaintiff's decedent; in failing to consider and to appropriately evaluate his history, symptoms and complaints; in failing to properly perform, prescribe, recommend or order appropriate diagnostic tests and procedures; in failing to refer plaintiff's decedent for appropriate and necessary medical

evaluation and treatment; in failing to properly and timely observe the decedent with regard to the nature of the symptoms and complaints presented; and in all these respects and others, the defendant, its agents, servants and/or employees failed to use due, reasonable and proper skill and care, and was otherwise negligent and careless.

14. That by reason of the carelessness and negligence of the defendant, as mentioned herein, plaintiff-decedent was caused to suffer and sustain severe emotional stress due to the refusal of the defendant to monitor and administer his use of Lovenox, resulting in death his death on May 30, 2012.

15. That Article 16 of the CPLR, including joint and several liability for non-economic loss is not applicable to the plaintiff's causes of action.

16. That by reason of the premises, plaintiff/administrator seeks damages in the amount of $2,500,000.00.

## AS AND FOR A SECOND CLAIM

17. That at all times hereinafter mentioned, plaintiff/administrator repeats, reiterates and realleges each and every allegation as contained in the first cause of action with the same force and effect as though the same were set forth at length herein.

18. That prior to his death plaintiff's decedent was in good health and left surviving him kin who depended on him for services, economic support and guidance.

19. That by reason of the premises, the plaintiff/administrator and next of kin have become obligated to pay certain medical and funeral expenses of the decedent, and lost the society and companionship, service, guidance and economic support of the decedent and suffered other pecuniary loss.

20. That as a result of the foregoing, the plaintiff-administrator has been damaged and seeks actual, compensatory and exemplary damages in the amount of $2,500,000.00.

WHEREFORE, plaintiff demands judgment against the defendant in the first cause of action in the amount of $2,500,000.00; and plaintiff demands judgment against the defendant in the second cause of action in the amount of $2,500,000.00, together with the costs and disbursement of these actions.

KUJAWSKI & KUJAWSKI

BRYAN P. KUJAWSKI (BK3132)
Attorneys for Plaintiff
1637 Deer Park Avenue
P. O. Box 661
Deer Park, NY 11729-0661
631-242-1600